**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| Robin Athlyn Thompson, | No. CV-20-02230-PHX-DJH |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Randall Nunley, et al., | |
| Defendants. | |

Pending before the Court is *pro se* Plaintiff's Application to Proceed in Court Without Prepaying Fees or Costs (Doc. 2). Upon review, Plaintiff's Application, signed under penalty of perjury, indicates that Plaintiff is financially unable to pay the filing fee. The Court will grant the Plaintiff's Application and allow her to proceed *in forma pauperis* ("IFP"). Pursuant to 28 U.S.C. § 1915(e)(2), the Court will proceed to screen Plaintiff's First Amended Complaint ("FAC") (Doc. 7).

**I.    Legal Standard**

When a party has been granted IFP status, the Court must review the complaint to determine whether the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

*See* 28 U.S.C. § 1915(e)(2)(B).[1] In conducting such a review, "[i]t is . . . clear that section

---

[1] "While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*,

1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted).

Rule 8(a) of the Federal Rules of Civil Procedure require complaints to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[2] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id.* at 557.

In addition, the Court must interpret the facts alleged in the complaint in the light most favorable to the plaintiff, while also accepting all well-pleaded factual allegations as true. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). That rule does not apply, however, to legal conclusions. *Iqbal*, 556 U.S. at 678. The Court is mindful that it must

§1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners." *Long v. Maricopa Cmty. College Dist.*, 2012 WL 588965, at *1 (D. Ariz. Feb. 22, 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints[.]"); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.") (citation omitted). Therefore, section 1915 applies to this non-prisoner IFP complaint.

[2] "Although the *Iqbal* Court was addressing pleading standards in the context of a Rule 12(b)(6) motion, the Court finds that those standards also apply in the initial screening of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A since *Iqbal* discusses the general pleading standards of Rule 8, which apply in all civil actions." *McLemore v. Dennis Dillon Automotive Group, Inc.*, 2013 WL 97767, at *2 n. 1 (D. Idaho Jan. 8, 2013).

"construe pro se filings liberally when evaluating them under *Iqbal*." *Jackson v. Barnes*, 749 F.3d 755, 763-64 (9th Cir. 2014) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

## II.    Discussion

At the heart of Plaintiff's FAC appears to be a medical malpractice claim brought against her dentist for an allegedly negligent dental operation. (Doc. 7 at 22). Although the Complaint claims to invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, both Plaintiff and many Defendants are alleged to be Arizona residents. (*Id.* at 2–3). Because these parties are from the same state, diversity jurisdiction is unavailable. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

Under a liberal reading, however, the FAC may be invoking this Court's federal-question jurisdiction. Plaintiff cites 18 U.S.C. § 1961 *et seq*. (Doc. 7 at 46). And under 18 U.S.C. § 1964, there is a federal civil right of action for any person injured by a violation of § 1962, which prohibits racketeering. But no facts in this FAC plead factual content that allow the Court to draw a reasonable inference that any Defendants are liable to Plaintiff for racketeering. *See Twombly*, 550 U.S. at 556. Therefore, the Court finds no plausible claim under 18 U.S.C. § 1964 and will dismiss it.

The FAC contains no other federal causes of action. And all the remaining claims are state law causes of action, such as negligence and fraud. These state-law causes of action fall under the Court's supplemental jurisdiction, which the Court may and should decline to invoke when each federal claim is dismissed before trial. 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). Here, the Court will decline to exercise jurisdiction over the remaining state-law claims, and it will dismiss the entire FAC.

## III.   Leave to Amend

In this Circuit, if "it is not 'absolutely clear' that [Plaintiff] could not cure [the Complaint's] deficiencies by amendment," the Court will give her a chance to cure them. *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (citations omitted); *see also Lopez*, 203 F.3d at 1131 (en banc) (internal quotation marks and citations omitted) (holding

that a *pro se* litigant must be given leave to amend the complaint "if it appears at all possible that the plaintiff can correct the defect" in the complaint); Fed. R. Civ. P. 15(a)(2) (leave to amend should be "freely" given "when justice so requires").

If Plaintiff believes she can amend her FAC to solve the deficiencies noted above, then she may file a second amended complaint. Plaintiff's amended complaint should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv"). Examples of different types of complaints demonstrating the proper form can be found in the appendix of forms that is contained with the Federal Rules of Civil Procedure (forms 11–21).[3] Each claim or cause of action must be set forth in a separate count. **Plaintiff should bear in mind that the Federal Rules of Civil Procedure require a <u>short and plain statement of the grounds for the Court's jurisdiction</u> and a <u>short and plain statement of the claim showing she is entitled to relief</u>. Fed. R. Civ. P. 8. A longer complaint is not necessarily a better one.** Finally, the Court recommends Plaintiff review the information available in the District Court's Handbook for Self-Represented Litigants, which is available online.[4]

Within **thirty (30) days** from the date of entry of this Order, Plaintiff may submit an amended complaint. Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." This amended complaint must be *retyped or rewritten in its entirety* and may not incorporate any part of the original Complaint by reference. Plaintiff should also be aware that "an amended complaint supersedes the original complaint and renders it without legal effect[.]" *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (*en banc*). Thus, after amendment, the Court will treat an original complaint as nonexistent. *Id.* at 925.

## IV. Warning

Plaintiff is advised that if she elects to file a second amended complaint but fails to

---

[3] Those forms as well as the Federal Rules of Civil Procedure and the Local Rules, as well as other information for individuals filing without an attorney may be found on the District Court's internet web page at www.azd.uscourts.gov/.

[4] The Handbook may be found at http://www.azd.uscourts.gov/handbook-self-represented-litigants.

comply with the Court's instructions explained in this Order, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)). If Plaintiff fails to prosecute this action, or if she fails to comply with the rules or any court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Accordingly,

**IT IS HEREBY ORDERED** that the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's First Amended Complaint (Doc. 7) is dismissed with leave to file a Second Amended Complaint within thirty (30) days of the date this Order is entered;

**IT IS FURTHER ORDERED** that if Plaintiff does not file a Second Amended Complaint within thirty (30) days of the date this Order is entered, the Clerk of Court shall dismiss this action without further order of this Court; and

**IT IS FINALLY ORDERED** that if Plaintiff elects to file a Second Amended Complaint, it may not be served until and unless the Court issues an Order screening the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

Dated this 3rd day of December, 2020.

Honorable Diane J. Humetewa
United States District Judge